UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ, CDCR #F-25691, <br><br> Plaintiff, <br><br> vs. <br><br> PAYES, Clinical Case Worker and/or Psychologist, <br><br> Defendant. | Case No.: 3:22-cv-02067-RBM-LR <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Victor Sanchez, proceeding pro se and currently incarcerated at California State Prison, Sacramento in Represa, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Sanchez claims Defendant Payes, a clinical case worker and/or psychologist at Richard J. Donovan Correctional Facility in San Diego, violated his Eighth and Fourteenth Amendment rights on December 17, 2021, by failing to place him in a mental health crisis bed after Sanchez reported he was suicidal. *Id.* at 3–8, 11–12. Sanchez later tried to hang himself, was found unresponsive in his cell, and transported by ambulance to an outside hospital. *Id.* at 6, 10.

**I.      Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

While Sanchez's allegations are troubling, he has not paid the $402 in filing and administrative fees required to commence a civil action in federal court, and has not requested leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

**II.     Conclusion**

Accordingly, the Court: (1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and (2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

1 § 1915(a)(2).

2   In light of Plaintiff's incarceration, the Court further **DIRECTS** the Clerk of the Court to provide Sanchez with its approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Sanchez fails to either prepay the $402 civil filing fee or complete and file the enclosed Motion to Proceed IFP with the Clerk within 45 days, however, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without further Order of the Court.[2]

**IT IS SO ORDERED.**

Dated: January 4, 2023

Hon. Ruth Bermudez Montenegro
United States District Judge

---

[2] Sanchez is cautioned that if he chooses proceed, his Complaint will be subject to an initial screening pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he has paid the full $402 filing fee at once, or is granted leave to proceed IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").