UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ, CDCR #F-25691,<br><br>                                        Plaintiff,<br><br>vs.<br><br>PAYES, Clinical Case Worker and Psychologist,<br><br>                                        Defendant. | Case No.: 3:22-cv-02067-RBM-LR<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**(2) DENYING MOTION FOR ORDER DIRECTING ACCESS TO LAW LIBRARY WITHOUT PREJUDICE; and**<br><br>**(3) DIRECTING U.S. MARSHAL TO SERVE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[Docs. 3, 4, 5, 6]** |

Plaintiff Victor Sanchez ("Plaintiff" or "Sanchez"), proceeding pro se and incarcerated at California State Prison, Sacramento, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 27, 2022. (*See* Compl., Doc. 1.) Plaintiff alleges his constitutional rights were violated when he was previously housed at the Richard J.

Donovan Correctional Facility ("RJD").  (*See generally* Compl.)

## I. MOTIONS TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay only if the plaintiff requests and is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  If the plaintiff is a prisoner seeking to proceed IFP, Section 1915(a)(2) also requires he or she submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

From the certified trust account statement, the Court assesses an initial payment of 20% of: (a) the average monthly deposits in the account for the past six months; or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  In short, while prisoners may be granted permission to prosecute their case without prepaying the filing fee in full and up front, they are nevertheless "required to pay the full amount of a filing fee" in installments.  28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his three IFP Motions (Docs. 3, 4, 6), Plaintiff submitted copies of his California Department of Corrections and Rehabilitation ("CDCR") Prison Certificate, one

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

dated December 28, 2022, and another dated January 3, 2023. (*See* Doc. 3 at 4; Doc. 4 at 4.)  Use of the statement closest in time to the filing of the Complaint indicates Plaintiff had an average monthly balance of $78.55, and average monthly deposits of $97.50 to his account at the time of filing.  (*See* Doc. 3 at 4.)  He had an available balance of $44.00 at the time of filing.  (*See id.*)

Based on these certified records, the Court **GRANTS** Plaintiff's Motions to Proceed IFP (Docs. 3, 4, 6) and imposes $19.50 initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The total $350 due in this case will be collected by the CDCR and forwarded to the Court until the entire fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

A.     Standard of Review

Because Plaintiff is a prisoner, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Courts must consider the complaint in its entirety, including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

B.  Plaintiff's Allegations

On December 17, 2021, Plaintiff was seeking to "obtain counseling for suicidal ideations." (Compl. at 4.) An unnamed correctional officer placed Plaintiff in a holding cell where he waited to be evaluated by Defendant Payes. (*See id.*) When Payes arrived, Plaintiff told her he was "feeling suicidal" and wanted to hang himself. (*Id.* at 5.) Plaintiff claims Payes "started to argue" with him and told Plaintiff that he was just "trying to get scratch[ed] off the bus." (*Id.*) Plaintiff told her "please help me place me in a crisis bed" but Payes said "you just don't want to go to [California Correctional Institution]." (*Id.*)

Payes told the correctional officer to take Plaintiff back to his cell rather than seek further mental health treatment for him. (*See id*.) Plaintiff later tried to commit suicide and was found "unresponsive" in his cell and taken to an outside hospital by ambulance. (*Id*. at 10.) Plaintiff suffered "nerve damage that rendered him at a loss of motor skills and use of all four limbs (legs/arms) for a period of three days." (*Id*.) In addition, Plaintiff suffers from "neck and back spasms," along with "pain and numbness." (*Id*.)

Plaintiff seeks $10,000,000 in compensatory damages, $30,000,000 in punitive damages, and "reasonable costs." (*Id*. at 12.)

C. <u>42 U.S.C. § 1983</u>

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

D. <u>Eighth Amendment Claims</u>

Prison officials act "under color of state law" when housing and providing medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). Therefore, in order to determine whether Plaintiff has pleaded a plausible claim for relief against any named Defendant the Court need only decide whether the factual allegations in his Complaint are sufficient to show "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

Prisoners are entitled to "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs

of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104) *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Jett*, 439 F.3d at 1096; *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A heightened suicide risk or an attempted suicide is a serious medical need." *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011) (citing *Farmer*, 511 U.S. at 837); *see also Kamakeeaina v. City & Cty. of Honolulu,* No. 11-cv-00770 JMS, 2014 WL 1691611, at *7 (D. Haw. Apr. 29, 2014), *affirmed sub nom. Kamakeeaina v. Maalo*, 680 F. App'x 631 (9th Cir. 2017) (finding statements that plaintiff was "ready to commit suicide" sufficient to show serious medical need).

"A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.

1985)).  Rather, "[t]o 'show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health.'"  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)).  "[A] purposeful act or failure to respond to a prisoner's pain or possible medical need" that causes harm is sufficient to support a claim of deliberate indifference.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

As pleaded, the Court finds Plaintiff's Complaint alleges facts to plausibly state an Eighth Amendment cause of action against Defendant Payes.   *Iqbal*, 556 U.S. at 678; *Conn*, 591 F.3d at 1096; *Jett*, 439 F.3d at 1096.

### III.   MOTION FOR ORDER DIRECTING ACCESS TO LAW LIBRARY

Plaintiff also seeks an order from this Court directing the CDCR to "stop denying him access to the law library and tools therein."  (Doc. 5 at 1.)  The Court **DENIES** Plaintiff's request without prejudice at this time.  Defendant has not yet appeared in this action and there are no pending deadlines for which Plaintiff would need law library access.

### IV.   CONCLUSION

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff' Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Docs. 3, 4, 6).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff' trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff' account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-

0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff' Complaint (Doc. 1) upon Defendant and forward it to Plaintiff along with 5 blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with a copy of this Order, a certified copy of his Complaint, and the summons so that he may serve this Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 as completely and accurately as possible, include an address where each of this Defendant may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff' Complaint and summons upon Defendant at the address provided by Plaintiff on the USM Form 285 provided, and to file executed waiver of personal service upon Defendant with the Clerk of Court as soon as possible after their return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed, and indicate why service upon that Defendant was not completed. All costs of service will be advanced by the United States; however, if Defendant is located within the United States, and fail without good cause to sign and return the waiver requested by the Marshal on Plaintiff' behalf, the Court will impose upon Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6) **ORDERS** Defendant, once served, to reply to Plaintiff' Complaint, and any subsequent pleading Plaintiff may file in this matter in which she is named as Defendant, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

    7)    **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant, or her counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants once they have been served, may be disregarded.

    8)    **DENIES** Plaintiff's Motion for Law Library Access (Doc. 5) without prejudice.

    **IT IS SO ORDERED**.

DATE: June 1, 2023

                                 */s/ Ruth Bermudez Montenegro*
                                 HON. RUTH BERMUDEZ MONTENEGRO
                                 UNITED STATES DISTRICT JUDGE